UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ROBERT WITCZAK, Plaintiff, v. JARED D. LOZANO, et al., Defendants. | Case No. 20-cv-01566-HSG<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING REQUEST FOR APPOINTMENT OF COUNSEL; DENYING EMERGENCY MOTION FOR HAIR FOLLICLE TOX SCREEN; DENYING PRELIMINARY INJUNCTION; DENYING REQUEST FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. Nos. 3, 4, 15, 19 |

**INTRODUCTION**

Plaintiff, an inmate at Valley State Prison, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, complaining of events at prisons where he was previously housed. His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A.     Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

All or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in either law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). The Supreme Court has held that because 28 U.S.C. § 1915 gives courts the authority to pierce the veil of a complaint's factual allegations, a court is not bound to accept without question the truth of the plaintiff's allegations in that a court may dismiss a claim as factually frivolous when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Complaint**

The complaint names the following individuals as defendants: SVSP Warden Foss, SVSP officer Villalobos-Caballero, SVSP officer Gil-Rojas, SVSP officer Valles, SVSP officer Muro, SVSP officer Garcia, California Medical Facility ("CMF") officer Mendoza, SVSP food services

supervisor Sandoval, and ten John Does at both SVSP and CMF. Dkt. No. 1 at 2.

The complaint alleges that, while housed at SVSP, starting in October 2018, plaintiff was the target of harassment by defendant Caballero. Plaintiff alleges that defendant Caballero has a history of unethical behavior and that defendant Caballero forces inmates to become informants for him by threatening to tell other inmates that the inmate is a sex offender, and that defendant Caballero also demanded that plaintiff "help" him (Caballero) out in return for Caballero helping plaintiff out, i.e. by releasing plaintiff from a holding cell. Plaintiff details a list of allegedly harassing actions by defendant Caballero, such as having an inmate ask plaintiff questions about a fan that plaintiff was repairing for correctional officials; launching himself at plaintiff so that Caballero could claim that plaintiff assaulted him; poisoning all of plaintiff's meal for weeks; once refusing to give plaintiff his food; and twice walking in a manner that would result in plaintiff walking into him. Plaintiff also claims that truth serum has been placed in his food once or twice, that crystal meth has been placed on the glue strip of his envelopes, that he has been sold things at prices that would be considered disadvantageous, and that he was subject to surveillance as evidenced by his toilet flushing by itself when he sat upon it. Plaintiff does not specify which defendants committed these actions. *See generally* Dkt. No. 1 at 10-32.

Plaintiff informed a sergeant about his concerns regarding defendant Caballero and filed a grievance regarding this issue. As a result, SVSP officers arranged for defendant Caballero to be assaulted by another inmate and taken off plaintiff's yard. Dkt. No. 1 at 5-16. Following this incident, SVSP correctional officers started retaliating against plaintiff by leaving his cell door open for five to sixty minutes daily, which left plaintiff vulnerable to attack by other inmates and deprived him of privacy; by turning his phone off in the middle of a conversation; by refusing to give him institutional legal forms; drugging his medications; by enlisting other inmates to poison his food and to stab him; by exposing his personal records so that other inmates would attack him; and by gassing him through the ventilation system in his cell. Dkt. No. 1 at 16-22. As a result of the negative effects caused by the poisoning and harassment, plaintiff was transferred to the California Medical Facility ("CMF") state hospital. There, plaintiff got into an altercation with defendant Mendoza which resulted in plaintiff being issued a rules violation report, ruining his

chances of qualifying for Level 2 housing. Plaintiff alleges that the altercation occurred because defendant Mendoza was retaliating against him. Dkt. No. 1 at 22. Plaintiff alleges that as he was transferred from prison to prison, he continued to suffer acts of retaliation at each prison, presumably arising out of the events at SVSP. Dkt. No. 1 at 22-23. The complaint alleges that defendants Gil-Rojas, Sandoval, Valles, Garcia, and Muro were aware of defendant Caballero's actions and failed to protect plaintiff. The complaint also alleges that defendant Gil-Rojas hired other inmates to poison plaintiff's food and drink; and that defendants Valles, Garcia, Muro, and Mendonza retaliated against him. Dkt. No. 1 at 3-4. Plaintiff states that he has retained a chili that was poisoned, and requests that the Court test the chili to verify his claims. Finally, plaintiff argues that because he has a record of winning grievances, prison officials are assaulting him and falsely accusing him of misconduct in order to prevent him from getting to a Level 2 programming yard where he would be safe.

Plaintiff alleges that these actions violate the First, Fourth, Eighth, and Fourteenth Amendments, because they resulted in conditions so harsh as to shock the general conscience, because drugging his food constituted excessive force, because defendants failed to protect him from fellow inmates, because his privacy was violated, because defendants exposed his status as a sex offender, and because defendants tried to send him to ad-seg with the intent to turn him into an informant. Plaintiff alleges that these actions violated the Fourteenth Amendment because he was deprived of life and liberty by use of excessive force without due process, because defendants failed to protect him, because plaintiff was denied access to the courts, because government officials assaulted him, because plaintiff was unnecessarily shoved and pushed, because of the existence of informants against him, because of the potential that other inmates might inflict violence on him, and because of the use of chemicals against him. Plaintiff also alleges that these actions violate the First Amendment because they impacted his ability to bring litigation in good faith, because these actions were overly broad and facially invalid, because correctional officers retaliated against him for exercising his First Amendment rights, and because correctional officials illegally disclosed contents of his electronic devices. Plaintiff also alleges that his Fourth Amendment rights were violated because his property was incorrectly designated as abandoned;

because he was subject to electronic surveillance including the lowering of a mic into the ventilation shaft; and because evidence obtained illegally was used against him. Plaintiff also alleges that defendants committed state-law crimes, such as battery, assault, criminal threats, and that defendants violated prison regulations.

**C.     Analysis**

The complaint will be dismissed with leave to amend because it suffers from certain deficiencies.

First, plaintiff's allegations are too speculative and conclusory to state cognizable Section 1983 claims. Plaintiff provides little direct evidence that defendant Caballero or the other defendants intended to harm him, but relies instead on his "prognostication," on inferences from defendant Caballero's actions, on comments made prior to receiving meals, and on discomfort suffered after eating. With respect to some of the other alleged constitutional violations, plaintiff does not identify which defendants committed the violations, instead referring generally to "defendants." Plaintiff must present factual allegations that link each defendant to the constitutional violation. In this context, plaintiff must proffer more than speculation and conclusory statements linking each defendant to a specific constitutional violation. If plaintiff can do so, he should identify the date of the constitutional violation, name the defendant responsible for that violation, and specify what that defendant did or did not do that violated his constitutional rights. The current allegations do not raise a right to relief about a speculative level.

Second, the complaint violates Fed. R. Civ. P. 20. Fed R. Civ. P. 20 provides that all persons "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The upshot of these rules is that "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits . . ." *Id.* "A buckshot complaint that would be rejected if filed by a free person – say, a suit complaining that A

5

defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner." *Id.* The majority of plaintiff's claims arise out of his time at SVSP, while the remainder appear to arise out of his time at CMF and Valley State Prison. Plaintiff's conclusory allegation that prison officials are conspiring against him is insufficient to link these occurrences as a related series of transactions. In his amended complaint, plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences, and (b) present questions of law or fact common to all defendants named therein. Plaintiff needs to choose the claims he wants to pursue in this action that meet the joinder requirements. If plaintiff has suffered constitutional violations that may not be raised in the same action, he may bring separate actions to seek relief.

Third, plaintiff has failed to state any cognizable Fourth Amendment claims. Allegations regarding the prison's use of electronic surveillance do not state a Fourth Amendment claim. *See Hudson v. Palmer*, 468 U.S. 517, 527–28 (1984) ("A right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order."). The negligent nor intentional deprivation of property does not a due process claim under § 1983 if the deprivation was random and unauthorized. *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson*, 468 U.S. at 533. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In the context of prison disciplinary hearings, due process requires only certain procedural safeguards: (1) the inmate should receive "advance written notice of the claimed violation" so the inmate can marshal the facts and prepare a defense; (2) "[a]t least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare" for the hearing; (3) the inmate "should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals"; (4) "[w]here an illiterate inmate is involved, ... or [where] the complexity of the issue makes it

6

1  unlikely that the inmate will be able to collect and present the evidence necessary for an adequate
2  comprehension of the case," the inmate should be given assistance at the hearing; and (5) the
3  inmate should receive "a written statement by the factfinders as to the evidence relied on and
4  reasons for the disciplinary action taken."  *Wolff*, 418 U.S. at 563-70 (internal quotation marks
5  omitted).  Plaintiff's Fourth Amendment claims are DISMISSED with prejudice.

### D. Pending Motions

Plaintiff has also requested that the Court appoint him counsel (Dkt. No. 3), perform a hair follicle tox screen (Dkt. No. 4), grant him a preliminary injunction (Dkt. No. 15), and enter default judgment (Dkt. No. 16).  For the reasons set forth below, these motions are DENIED.

Plaintiff argues that he is entitled to counsel pursuant to the Sixth Amendment, *Strickland v. Washington*, 466 U.S. 668 (1984), *Cuyler v. Sullivan*, 466 U.S. 355 (1980), and *United States v. Cronic*, 466 U.S. 648 (1984); because he has a disability status of NCF and fundamental TABE score of 00.0; because he has attempted, but been unable, to secure pro bono counsel; because he is unable to afford private counsel; because his imprisonment greatly restricts his ability to litigate and conduct discovery; because this case will require evidence from various officers and inmates; because this case is complex, involves attempted murder, and will require cross-examination; and because this case requires expert assistance to analyze the visual/audio evidence and the chemical evidence.  Dkt. No. 3.  The Sixth Amendment, *Strickland*, *Cuyler*, and *Cronic* discuss the right to counsel in criminal cases.  This is a civil case.  There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc).  The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances."  *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).  A finding of the "exceptional circumstances" of the plaintiff seeking assistance requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the

legal issues involved.  *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915.  *See id.* Plaintiff has not yet stated any cognizable claims for relief and, given the speculative and conclusory nature of his allegations, it is unclear that he will be successful on the merits. Plaintiff's motion for appointment of counsel (Dkt. No. 3) is therefore DENIED for lack of exceptional circumstances without prejudice to the Court's *sua sponte* appointment of counsel should circumstances so require.

Plaintiff has also requested that the Court order a toxicity screen of his hair follicle to prove that he has ingested multiple foreign chemicals that have the potential to be lethal, and test a red chili that he alleges has been adulterated and is the source of the foreign chemicals.  Dkt. No. 4.  Plaintiff's request is DENIED.  To the extent that plaintiff wishes to have a toxicity screen of his hair follicle or a test of the red chili, he is free to do so.  The Court does not assist parties in gathering evidence.

Plaintiff has filed a pleading titled "preliminary injunction for production of central file documentation."  Dkt. No. 15.  Although this motion is titled "preliminary injunction," it is a discovery request for production of documents pursuant Fed. R. Civ. P. 34(b).  This motion is DENIED.  Discovery requests should be served on the party from whom discovery is sought, not on the Court.  The Court is not involved with discovery unless the parties are unable to resolve discovery disputes.

Plaintiff has also filed a pleading titled "default judgment" wherein he requests that the Court order defendants to answer the complaint and order that he be housed in a single cell.  Dkt. No. 19.  Because plaintiff has not yet stated any cognizable claims, the named defendants do not yet have an obligation to answer or otherwise defend in this suit.  This motion is DENIED.

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1. The complaint is dismissed with leave to amend to address the deficiencies

identified above. Within **twenty-eight (28) days** of the date of this order, plaintiff shall file an amended complaint. The amended complaint must include the caption and civil case number used in this order, Case No. C 20-01566 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, plaintiff must answer all the questions on the form in order for the action to proceed. The amended complaint must be complete in itself without reference to any prior pleading because an amended complaint completely replaces the previous complaints. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to plaintiff. The Clerk shall include two copies of the court's complaint form with a copy of this order to plaintiff.

2. The Court DENIES plaintiff's request for appointment of counsel, for a hair follicle tox screen, for a preliminary injunction, and for default judgment. Dkt. Nos. 3, 4, 15, 19.

This order terminates Dkt. Nos. 3, 4, 15, 19.

**IT IS SO ORDERED.**

Dated: 9/29/2020

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

9