# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ROBERT WITCZAK, <br> Plaintiff, <br> v. <br> JARED D. LOZANO, et al., <br> Defendants. | Case No. 20-cv-01566-HSG <br><br> **ORDER SCREENING AMENDED COMPLAINT** |

## INTRODUCTION

Plaintiff, an inmate at Valley State Prison, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His amended complaint (Dkt. No. 32) is now before the Court for review under 28 U.S.C. § 1915A.

## DISCUSSION

### A.  Standard of Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

All or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in either law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). The Supreme Court has held that because 28 U.S.C. § 1915 gives courts the authority to pierce the veil of a complaint's factual allegations, a court is not bound to accept without question the truth of the plaintiff's allegations in that a court may dismiss a claim as factually frivolous when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Procedural History**

The Court dismissed the initial complaint for the following reasons.

First, the Court found that the initial complaint's allegations that defendant Cabellero and other defendants intended to harm him were too speculative and conclusory to state cognizable Section 1983 claims.

Second, the Court noted that with respect to some of the alleged constitutional violations, Plaintiff failed to identify which defendants committed the violations. The Court cautioned

2

Plaintiff that he should present factual allegations that linked each defendant to the alleged constitutional violation, and proffer more than speculation and conclusory statements.

Third, the Court found that the initial complaint violated Fed. R. Civ. P. 20 in that it joined unrelated claims against different defendants, noting that the majority of the original complaint's claims arose out of Plaintiff's time at Salinas Valley State Prison ("SVSP"), while the remainder appeared to arise out of Plaintiff's time at California Medical Facility ("CMF") and Valley State Prison and stating that Plaintiff's conclusory allegation that prison officials are conspiring against him was insufficient to link these occurrences as a related series of transactions.

**C.    Amended Complaint**

The amended complaint names the following individuals as defendants:  SVSP warden Tammy Foss because she is responsible for SVSP operations and the welfare of SVSP inmates; CMF warden Jared D. Lozano because he is responsible for CMF operations and the welfare of CMF inmates; Valley State Prison ("VSP") A-Yard Sergeant Park because he interviewed Plaintiff for a grievance; CMF SMTA E. F. Castrillo because he was in charge of coordinating Plaintiff's grievances while he was housed at CMF; SVSP officer Villalodos-Caballero because he is the reason for the "continuous acts of omissions;" SVSP A5 building officer J. Gil-Rajas; SVSP A5 building officer O-Valles; SVSP building officer V-Muro; SVSP officer P-Garcia; and various John Does.

The amended complaint makes the following allegations.

On or around November 26, 2018, as Plaintiff was crossing Building 4 dayroom, defendant Caballero pushed off the center control counter and nearly collided into Plaintiff.  Plaintiff views this as an attempted assault.  Plaintiff spoke with officer Camacho about this incident, who referred him to the program officer sergeant.  The next day, defendant Caballero was assigned to escort Plaintiff to the program office.  Plaintiff was scared so asked for another officer to escort him.  Defendant Caballero denied this request, and opened the tray slot and threatened Plaintiff with his O.C. can.  After Plaintiff agreed to be escorted by defendant Caballero and exited his cell, defendant Caballero aggressively searched Plaintiff against the wall and jabbed at Plaintiff's sides in an attempt to provoke a reaction.  Program office officials found the allegations sustainable and

3

moved Plaintiff to Building 4.

On December 8, 2018, Plaintiff was interviewed by sergeant Tange regarding his allegations that defendant Caballero was harassing him. Sergeant Tange agreed with Plaintiff's allegations and granted the grievance with respect to the allegation that defendant Caballero was setting Plaintiff up for a staff assault.[1]

On December 31, 2018, Plaintiff warned sergeant Shaltery that he was facing ongoing retaliation due to the grievance filed.

On January 8, 2019, Plaintiff filed a different grievance, alleging that prison officials were retaliating against him because he had filed a grievance regarding defendant Caballero's harassment. When Plaintiff was interviewed regarding this grievance, he brought up "issues of various acts of ommissions (sic) involving C.O. Caballero, Muro, Valles, Garcia, and the coordination of the inmates that involved themselves." The sergeants interviewing him indicated through their body language that they understood him. The sergeants tried to tell him that he was crazy and should seek help from his clinician, which he did. Despite this, the second level response left out most of the important issues. In late January, this grievance was returned to him with an entirely new log number and new responses, violating his due process.

Plaintiff continued to experience retaliation and inmates were talking about his personal case and situation. Defendant Caballero looked up Plaintiff's commitment offense and informed inmates of the offense in an attempt to induce inmates to assault Plaintiff. Defendant Gil appointed inmates Valaquez and Uribe to drug and poison Plaintiff's food. During a grievance-related interview on February 6, 2019, sergeant Minglana told Plaintiff that defendant Gil had admitted to drugging and poisoning Plaintiff's food.[2] On February 9, 2019, Plaintiff saw a clear

---

[1] The relevant grievance response is attached as an exhibit to the amended complaint and contradicts Plaintiff's claim that sergeant Tange agreed that defendant Caballero was setting Plaintiff up for a staff assault. Rather, in summarizing the grievance issue, the second level response recounts Plaintiff's allegation that defendant Caballero was setting him up for an assault. Sergeant Tange did not agree with Plaintiff's allegations and instead determined that defendant Caballero did not violate CDCR policy. Dkt. No. 32 at 24-25.

[2] The relevant grievance response is attached as an exhibit to the amended complaint and contradicts Plaintiff's claim that sergeant Minglana reported that defendant Gil admitted that he had drugged and poisoned Plaintiff. Rather, in summarizing the grievance issue, the second level response recounts Plaintiff's allegation that defendant Gil drugged and poisoned his food. There

4

tube poking out of the bottom of his vent and started to feel light-headed. Plaintiff realized that he was being drugged by gas. He was picked up by an ambulance and taken to critical care.

Plaintiff was transferred to California Men's Colony and then to CMF. While at CMF, Plaintiff was treated poorly and his food was again poisoned by officers. On June 25, 2019, Plaintiff filed Grievance No. SVSP-L-19-04140 alleging that defendant Caballero had contacted CMF officers and instructed them to continue to retaliate against him. Defendant Castrillo was in charge of processing this grievance. Defendant Castrillo repeatedly and incorrectly insisted that Plaintiff re-file this grievance as a healthcare grievance. This grievance resulted in a finding that there had been continuous misconduct at SVSP and that Caballero had contacted CMF. Plaintiff provided defendant Castrillo with evidence that illegal acts were being done. CMF ultimately referred these issues for investigation by the Investigative Service Unit ("ISU").[3]

**D.  Legal Claims**

**Eighth Amendment Claim.** Plaintiff alleges that defendants Caballero and Gil drugged and poisoned his food, in violation of the Eighth Amendment's prohibition on cruel and unusual punishment. Plaintiff alleges that the remaining defendants also violated the Eighth Amendment because they acted with deliberate indifference since they knew of the danger and did not act; because they used "unnecessary, excessive force creating grossy (sic) severe living conditions of the agreement of confinement;" because they deprived him of sleep and food; and because they intentionally neglected to protect him from other inmates and from correctional staff. ECF No. 32 at 11.

**Due Process Claim.** Plaintiff alleges that Defendants deprived him of due process by "using excessive force in way of failure to protect, physically assaulting, turning a blind eye and suppressing me from proper redression (sic) of the appeal process." ECF No. 32 at 11. Plaintiff

---

is no indication that sergeant Minglana believed or otherwise had been informed that defendant Gil had drugged or poisoned Plaintiff's food. Sergeant Minglana determined that defendant Gil did not violate CDCR policy. Dkt. No. 32 at 70-71.

[3] The relevant grievance response is attached as an exhibit to the amended complaint and contradicts Plaintiff's claim that CMF referred the issue to the ISU for investigation. CMF specifically declined to refer the investigation to ISU and instead processed the grievance as a routine grievance. ECF No. 32 at 113.

5

further alleges that defendants Parks and Castrillo violated his due process rights when they suppressed the grievance process and responses. ECF No. 32 at 11.

**First Amendment Claim.** Plaintiff alleges that defendant Caballero deprived him of his First Amendment right to free speech when he retaliated against Plaintiff, thereby preventing Plaintiff from filing grievances. Plaintiff further alleges that defendants Gil, Valles, Muro and Garcia also suppressed his freedom of speech when they retaliated against him. ECF No. 32 at 12.

**E.     Analysis**

For the reasons set forth below, the Court dismisses certain claims and defendants with prejudice, and the remaining claims and defendants are dismissed with leave to amend.

First, defendants Foss and Lozano are DISMISSED from this action because Plaintiff has made no specific allegations against these defendants. To the extent that Plaintiff seeks to hold them liable for the actions of their subordinates, Plaintiff is advised there is no supervisory liability for Section 1983 claims, i.e. no liability under the theory that one is liable simply because he supervises a person who has violated a plaintiff's rights. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). To state a claim for relief under Section 1983 against a supervisor defendant, a plaintiff must allege some facts that would support a claim that (1) the supervisor defendant proximately caused the deprivation of rights of which plaintiff complains, *see Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981); (2) the supervisor defendant failed to properly train or supervise personnel resulting in the alleged deprivation, *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680 (9th Cir. 1984); (3) the alleged deprivation resulted from custom or policy for which the supervisor defendant was responsible, *see id.*; or (4) the supervisor defendant knew of the alleged misconduct and failed to act to prevent future misconduct, Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). When a named defendant holds a supervisory position, the causal link between that named defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient to state a claim. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Because it appears possible that Plaintiff may be able to

1  correct this deficiency, this dismissal is with leave to amend the claims against defendants Foss

2  and Lozano, if Plaintiff can truthfully do so. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir.

3  2000); *see also Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003).

4  Second, defendants Park and Castrillo are DISMISSED from this action with prejudice because these defendants' only involvement in the alleged constitutional violations is their participation in reviewing Plaintiff's grievances. A prison official's denial of an inmate's grievance generally does not constitute significant participation in an alleged constitutional violation sufficient to give rise to personal liability under Section 1983. *See, e.g., Wilson v. Woodford*, No. 1:05–cv–00560–OWW–SMS, 2009 WL 839921, at *6 (E.D. Cal. Mar. 30, 2009) (ruling against prisoner on administrative complaint does not cause or contribute to constitutional violation). A prisoner has no constitutional right to an effective grievance or appeal procedure. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner has no constitutional right to effective grievance or appeal procedure); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure."). This dismissal is without leave to amend because amendment would be futile. *See Lopez*, 203 F.3d at 1130 (district court should grant leave to amend unless pleading could not possibly be cured by the allegation of other facts).

18  Third, defendants Valles, Muro and Garcia are DISMISSED from this action because the amended complaint's allegations against them are too vague and conclusory to state cognizable Section 1983 claims. The amended complaint's only specific allegations regarding these defendants is that, on either January 11, 2019 or January 20, 2019, during an interview regarding Grievance No. 19-00272, Plaintiff informed prison officials about "issues of various acts of ommissions (sic)" involving these defendants and defendant Caballero coordinating with other inmates. ECF No. 32 at 7. As explained to Plaintiff in the Court's September 29, 2020 Order, Plaintiff must present factual allegations that link each defendant to the constitutional violation, and must proffer more than speculation and conclusory statements. Plaintiff's general use of "defendants" in his causes of actions is insufficient to link any individual defendant to a constitutional violation. Because it appears possible that Plaintiff may be able to correct this

deficiency, this dismissal is with leave to amend the claims against defendants Valles, Muro and Garcia, if Plaintiff can truthfully do so. *See Lopez*, 203 F.3d at 1130.

Fourth, the amended complaint fails to state a cognizable due process claim. Plaintiff alleges that his due process rights were violated when he was subjected to excessive force and physical assault, when Defendants failed to protect him, and when he was not provided proper redress through the grievance process. "[I]f a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997) (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989)); *see also Cty. of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998) (same). Claims of excessive force, physical assault, and failure to protect are covered by the Eighth Amendment, and therefore fail to state a cognizable due process claim. As discussed above, there is no constitutional right to an effective grievance or appeal procedure. The due process claims are therefore DISMISSED with prejudice because amendment would be futile.

Fifth, Plaintiff has failed to state a cognizable Eighth Amendment claim against defendants Caballero and Gil for the following reasons.

The treatment a convicted prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993). "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (ellipsis in original) (internal quotation and citation omitted). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, and (2) the prison official possesses a sufficiently culpable state of mind, i.e., the offending conduct was wanton. *Farmer v. Brennan*, 511 U.S. 824, 834 (1994).

The only specific allegations against defendant Caballero are: (1) he attempted to assault Plaintiff by launching himself off the counter and nearly colliding with Plaintiff; (2) he denied Plaintiff's request to be escorted by someone else to the program office; (3) he opened Plaintiff's

8

tray slot and threatened Plaintiff with his O.C. can; (4) he aggressively searched Plaintiff against the wall and jabbed at Plaintiff's sides in an attempt to provoke a reaction; (5) he looked up Plaintiff's commitment offense and told other inmates about it in an attempt to provoke an assault upon Plaintiff; (6) he engaged in "various acts of ommissions (sic) involving C.O. Caballero, Muro, Valles, Garcia, and the coordination of the inmates that involved themselves;" (7) instructing California Medical Facility correctional officials to continue to retaliate against Plaintiff; and (8) drugging and poisoning Plaintiff's food. The following alleged deprivations are not objectively sufficiently serious to state an Eighth Amendment claim: a near collision, a denial of a request to be escorted to program office by someone else, being threatened with an OC can, an aggressive search, and being jabbed in the sides. Plaintiff's Eighth Amendment claims arising out of these incidents are DISMISSED with prejudice. The remaining alleged deprivations – informing other inmates of Plaintiff's commitment offense; various acts or omissions; instructing CMF to retaliate against Plaintiff, and drugging and poisoning Plaintiff's food – are simply too vague and conclusory to state cognizable Eighth Amendment claims. Plaintiff's Eighth Amendment claims arising out of these incidents are DISMISSED with leave to amend. Plaintiff should detail what actions were taken (or not) taken by defendant Caballero; when these actions were taken; and how each action rose to the level of a constitutional violation. Plaintiff is reminded that factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp.*, 550 U.S. at 555.

Plaintiff's only specific allegation against defendant Gil is that he ordered inmates Valaquez and Uribe to drug and poison Plaintiff's food.[4] Plaintiff's allegation is simply too vague, conclusory, and fanciful to raise a right to relief above the speculative level. The Court will DISMISS defendant Gil from this action with leave to amend. If Plaintiff chooses to file a third amended complaint and to again bring claims against defendant Gil, he must detail what defendant Gil did that rose to the level of a constitutional violation, when the alleged

---

[4] Contrary to Plaintiff's claim, nothing in the record indicates that sergeant Minglana believed, or otherwise stated, that defendant Gil had admitted to drugging and poisoning Plaintiff's food. In fact, the record implies that sergeant Minglana did not find Plaintiff's claims credible. Dkt. No. 32 at 70-71.

9

constitutional violation took place, and how Plaintiff was made aware of these alleged violations.

Sixth, the amended complaint's remaining allegations of cruel and unusual punishment fail to state cognizable Eighth Amendment claims. The amended complaint's claims that all defendants "created" deliberate indifference because they "knew of the danger;" "creat[ed] gross[] severe living conditions;" deprived him of food and sleep; intentionally created a hostile living environment; and intentionally neglected measures to maintain order and protection from inmates and officers are simply too vague and conclusory to state cognizable Eighth Amendment claims. Similarly, the amended complaint's claims that Plaintiff was subjected to excessive force and physical assault, and that there was a failure to protect him (cast as due process claims) are also too vague and conclusory to state cognizable Eighth Amendment claims. For example, Plaintiff does not identify which defendant deprived him of food and sleep, what "danger" was known, what constituted gross severe living conditions, what measures were neglected, who failed to protect him, or what force was excessive. The Court will grant Plaintiff another opportunity to amend these claims, and DISMISSES these Eighth Amendment claims with leave to amend.

Seventh, the amended complaint fails to state a cognizable First Amendment claim. The amended complaint alleges that defendants Caballero, Gil, Valles, Muro, and Garcia retaliated against him to prevent him from engaging in litigation. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Plaintiff has failed to identify any protected conduct, much less how the protected conduct is related to the events described in the amended complaint. Because it appears that Plaintiff may be able to correct this deficiency, the Court will DISMISS the First Amendment claim with leave to amend. However, the Court notes that Plaintiff has primarily alleged verbal harassment/abuse and threats. Verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) *overruled in part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir.

10

2008); *see, e.g., Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), amended 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard not enough to implicate Eighth Amendment). Allegations of mere threats also are not cognizable under § 1983. *See Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result).

**CONCLUSION**

For the foregoing reasons, the Court orders as follows.

1. Defendants Park and Castrillo are DISMISSED from this action with prejudice.

2. Defendants Foss, Lozano, Valles, Muro and Garcia are DISMISSED from this action with leave to amend.

3. The Eighth Amendment claims against defendant Caballero arising out of the following events are DISMISSED with prejudice: the November 26, 2018 near collision; and the following events on or around November 27, 2018: denying Plaintiff's request to be escorted to program office by someone else, threatening Plaintiff with an OC can, aggressively searching Plaintiff, and jabbing Plaintiff in the sides. The Eighth Amendment claims against defendant Caballero arising out of the following events are DISMISSED with leave to amend: informing other inmates of Plaintiff's commitment offense; committing various acts of omissions; instructing CMF to retaliate against Plaintiff; and drugging and poisoning Plaintiff's food.

4. The Eighth Amendment claims against defendant Gil are DISMISSED with leave to amend.

5. The remaining Eighth Amendment claims are DISMISSED with leave to amend.

6. The due process claims are DISMISSED with prejudice.

7. The First Amendment retaliation claim is DISMISSED with leave to amend.

8. Within twenty-eight (28) days of the date of this order, Plaintiff shall file a second amended complaint. The second amended complaint must include the caption and civil case number used in this order, Case No. C 20-01566 HSG (PR) and the words "SECOND AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the

11

questions on the form in order for the action to proceed.  An amended complaint completely replaces the previous complaints.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012).  Accordingly, Plaintiff must include in his second amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, and may not incorporate material from the prior complaints by reference.  Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the second amended complaint.  Failure to file a second amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff.  The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: 5/25/2021

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

12