UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ROBERT WITCZAK,<br>Plaintiff,<br>v.<br>JARED D. LOZANO, et al.,<br>Defendants. | Case No. 20-cv-01566-HSG<br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Plaintiff, an inmate at Valley State Prison, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His second amended complaint (Dkt. No. 35) is now before the Court for review under 28 U.S.C. § 1915A.

## DISCUSSION

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the

1  grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).
2  While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,
3  the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).
4  A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a
5  cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

6  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
7  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
8  the alleged violation was committed by a person acting under the color of state law. *See West v.*
9  *Atkins*, 487 U.S. 42, 48 (1988).

10  All or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's
11  claims lack an arguable basis in either law or in fact. This includes claims based on legal
12  conclusions that are untenable (e.g., claims against defendants who are immune from suit), as well
13  as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke*
14  *v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th
15  Cir. 1991). The Supreme Court has held that because 28 U.S.C. § 1915 gives courts the authority
16  to pierce the veil of a complaint's factual allegations, a court is not bound to accept without
17  question the truth of the plaintiff's allegations in that a court may dismiss a claim as factually
18  frivolous when the facts alleged rise to the level of the irrational or wholly incredible, whether or
19  not there are judicially noticeable facts available to contradict them. *Denton v. Hernandez*, 504
20  U.S. 25, 32 (1992).

21  **B.   Procedural History**

22  The Court dismissed the initial complaint for the following reasons.

23  First, the Court found that the initial complaint's allegations that the named defendants
24  intended to harm Plaintiff were too speculative and conclusory to state cognizable Section 1983
25  claims. Second, the Court noted that with respect to some of the alleged constitutional violations,
26  Plaintiff failed to identify which defendant committed which violation. The Court cautioned
27  Plaintiff that he should present factual allegations that linked each defendant to the alleged
28  constitutional violation, and proffer more than speculation and conclusory statements. Third, the

2

Court found that the initial complaint violated Fed. R. Civ. P. 20 in that it joined unrelated claims against different defendants, noting that the majority of the original complaint's claims arose out of Plaintiff's time at Salinas Valley State Prison ("SVSP"), while the remainder appeared to arise out of Plaintiff's time at California Medical Facility ("CMF") and Valley State Prison. The Court further found that Plaintiff's conclusory allegation that prison officials were conspiring against him was insufficient to link these occurrences as a related series of transactions. *See generally* Dkt. No. 22.

The Court dismissed the amended complaint as follows.

The Court dismissed defendants SVSP warden Foss and CMF warden Lozano from the action with leave to amend because the amended complaint failed to make specific allegations against them. The Court dismissed defendants SVSP officers Valles, Muro, and Garcia with leave to amend because the amended complaint's allegations against these defendants were vague and conclusory. The Court dismissed the First Amendment retaliation claims with leave to amend because the amended complaint failed to identify any protected conduct, much less explain how Plaintiff's protected conduct was related to the events described in the amended complaint. *See generally* Dkt. No. 34.

The Court dismissed defendants Valley State Prison officer Park and CMF medical tech assistant Castrillo with prejudice because their only involvement in the alleged constitutional violations was reviewing Plaintiff's grievances. The Court dismissed with prejudice the claims that the named defendants used excessive force on Plaintiff, physically assaulted Plaintiff, and failed to protect Plaintiff in violation of the due process clause because such claims are covered by the Eighth Amendment. The Court dismissed with prejudice the claim that Plaintiff was not provided proper redress through the grievance process because there is no constitutional right to an effective grievance process. The Court dismissed the Eighth Amendment claims against defendants Cabellero and Gil because many of the alleged deprivations were not objectively sufficiently serious to state an Eighth Amendment claim, and the remaining alleged deprivations were too vague, or conclusory, or fanciful, to state cognizable Eighth Amendment claims. The Court dismissed the claims of cruel and unusual punishment because they were too vague and

3

conclusory to state cognizable Eighth Amendment claims. *See generally* Dkt. No. 34.

**C.     Second Amended Complaint**

In the body of the second amended complaint, Plaintiff names the following individuals as defendants:  SVSP warden Tammy Foss because she is responsible for SVSP operations and the welfare of SVSP inmates; and CMF warden Jared D. Lozano because he is responsible for CMF operations and the welfare of CMF inmates.  Dkt. No. 35 at 2.  In the caption of the complaint, Plaintiff also names the following individuals as defendants: Villalodos-Caballero, J. Gil-Rajas, O-Valles, V-Muro, P-Garcia, 15 John Does, and 15 Jane Does.

The second amended complaint alleges that these named defendants have violated Plaintiff's First Amendment right to freedom of speech and of the press, to peacefully assemble, and to petition the government for redress of grievance; and have subjected Plaintiff to cruel and unusual punishment, in violation of the Eighth Amendment.  Dkt. No. 35 at 2-3.  Plaintiff alleges that defendant Caballero attempted to set him up for assault and to ruin his life.  Plaintiff filed Grievance No. SVSP-L-18-06780 regarding these alleged actions by defendant Caballero.  Plaintiff claims that as the result of either defendant Caballeo's alleged actions or Grievance No. SVSP-L-18-06780, Plaintiff has been subjected to torture, unnecessary use of force, harsh conditions, needless suffering, intentional infliction of physical and emotional distress, inadequate shelter, assault, humiliation, embarrassment, and distress; Plaintiff was not provided with sanitary food or protected from danger; Plaintiff's food was adulterated; Plaintiff was administered drugs to punish him; Plaintiff was deprived of food and sleep; Plaintiff was not protected from fellow inmates; and Plaintiff was retaliated against because of his actions against guards and this retaliation prevented from bringing litigation.  Dkt. No. 35 at 4.  Plaintiff argues that his allegations are more than speculative because he received a response at the "highest levels of the administration," and because prison officials signed CDCR Form 1858 in conjunction with these grievances.

The second amended complaint is a 16-page narrative primarily discussing the processing of various grievances that Plaintiff has filed regarding his claims of mistreatment by prison officials.  The second amended complaint does not discuss the claims in detail.  For example, the

second amended complaint does not specify which prison official allegedly adulterated the food and when; does not specify which prison official allegedly prevented Plaintiff from filing suit regarding these issues and how; does not specify how defendant Caballero set Plaintiff up for an assault and otherwise tried to ruin Plaintiff's life; does not identify the date of the allegedly illegal cell search and who conducted said search; does not specify what constituted an "act of omission" and which defendant failed to act; does not specify how Plaintiff knew that defendant Gil used inmates to drug and poison him, etc. Instead, the second amended refers the Court to the grievances grieving these alleged acts for the details of the mistreatment. Plaintiff has attached these grievances as exhibits to the second amended complaint. The exhibits run approximately 140 pages.

The second amended complaint argues because prison officials partially granted these grievances, sent these grievances to an investigator service to be investigated, and signed CDCR Forms 1858, prison officials found the claims made in the grievances – torture, mistreatment, assault, poisoned food, being drugged, being exposed to danger, assault, etc. – to be credible.

The Court DISMISSES this action with prejudice for the following reasons.

First, like the prior complaints, the second amended complaint again fails to provide specific details about the alleged constitutional violations. For example, the second amended complaint states:

> With in the contents of the hand written documents for appeal # 0272, plaintiff observed and documented acts of omissions as they were happening between the dates 12-8-18 to 12-27-18 that made claims against officers, caballero, Gil, Garcia, Heart, Srg Magania and Muro. These documents make claims of adulteration of food on a consistante basis, another attempted assault, making more records on the phone, harrassment and others in a continuity of food drugging and deprivations.

Dkt. No. 35 at 7. These claims of poisoning, assault, and harassment fail to specifically link any defendant to a specific action or inaction. The Court will not search through the approximately 140 pages of exhibits to guess at the specifics of what defendants may or may not have done that could have violated Plaintiff's constitutional rights. The Court has twice dismissed Plaintiff's complaints because he only proffered vague and conclusory allegations, and instructed Plaintiff that, for each alleged constitutional violation, he should identify the date of the alleged constitutional violation, name the defendant responsible for the alleged constitutional violation,

5

and specify what the defendant did or did not that allegedly violated his constitutional rights. Dkt. No. 22 at 5. Despite being given two opportunities to address this deficiency and clear instructions as to how to cure this deficiency, Plaintiff has again only provided naked assertions of harm without factual support, in violation of Fed. R. Civ. P. 8.

Second, Plaintiff is incorrect that prison officials found his claims credible. His grievances were partially granted in that prison officials granted, and conducted, an inquiry into his allegations and addressed all issues, but the ultimate findings were that, contrary to Plaintiff's allegations, there was no staff misconduct. *See, e.g.*, Dkt. No. 35 at 23-24, 40-41, 48-50. A prison officer's signature on a CDCR Form 1858 does not indicate that the prison officer agrees with, or otherwise finds credible, a prisoner's allegations. Rather, the CDCR Form 1858 is required by Cal. Penal Code § 148.6, and informs the inmate that she or he has the right to make a complaint against a peace officer. An inmate signs the Form 1858 to acknowledge that she or he is aware of this right, and the receiving prison official signs the form to acknowledge receipt of the signed form.

Third, Plaintiff again fails to state a cognizable First Amendment retaliation claim. The second amended complaint's First Amendment retaliation claim suffers from the same deficiency as the amended complaint's First Amendment retaliation claim. Assuming arguendo that his many grievances are the protected conduct, Plaintiff again fails to explain how the food poisoning or assault was triggered by the grievances. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.") (footnote omitted). In fact, according to second amended complaint, the food poisoning occurred prior to and triggered the grievances.

Fourth, Plaintiff again fails to state a cognizable Eighth Amendment claim. As in the prior complaint, Plaintiff again fails to proffer factual allegations sufficient to raise a right to relief above the speculative level. *Bell Atlantic Corp.*, 550 U.S. at 555.

The second amended complaint suffers from the same deficiencies as the two prior complaints. The Court has explained how to correct the deficiencies, but Plaintiff has been unable to do so. Accordingly, this action is DISMISSED with prejudice. *See Simon v. Value Behavioral Health, Inc.*, 208 F.3d 1073, 1084 (9th Cir. 2000) (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in complaint, where court had afforded plaintiff opportunities to do so, and had discussed with plaintiff the substantive problems with his claims), *amended by* 234 F.3d 428, *overruled on other grounds by Odom v. Microsoft Corp.*, 486 F.3d 541, 551 (9th Cir. 2007); *Plumeau v. Sch. Dist. # 40 Cnty. of Yamhill*, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile)

## CONCLUSION

For the reasons set forth above, this action is DISMISSED with prejudice. The Clerk shall enter judgment in favor of Defendants and against Plaintiff, deny all pending motions as moot, and close the case.

**IT IS SO ORDERED.**

Dated: 7/27/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge

7